William B. Lawless, J.
Petitioner American Rescue Workers, Inc., seeks (1) an order directing the present Mayor of the City of North Tonawanda to issue it and its agents a permit to solicit funds in the City of North Tonawanda to promote its religious and social projects, and (2) an order restraining said Mayor from prohibiting the dissemination of religious literature in North Tonawanda and from prohibiting, in particular, petitioner’s agents, Loretta E. Aekerson and Dewitt Ackerson, from soliciting funds in its behalf. A prior application for this relief was made to this court on or about June 30, 1960 and was denied by the court (Fisher, J.), on the ground that the then Mayor did not act in an arbitrary or capricious manner (Civ. Prac. Act, art. 78), where the prior Mayor denied permission to solicit on grounds that the solicitation of funds on a commission basis by individual members of petitioner association did not meet the requirements of the city ordinance controlling nonprofit solicitation.
Thereafter and on or about May 29,1961 the attorney for petitioner requested the then Mayor of North Tonawanda to approve *678 five individual agents of petitioner to solicit funds for the American Eescue Workers. On May 31,1961 by létter to petitioner’s attorney, the then Mayor denied application of four of the five applicants. He denied the application of Loretta E. Ackerson on the ground that she submitted untrue statements in her affidavit, to wit: that she had not been convicted of any crime, misdemeanor or other violation of municipal ordinance when, in fact, she had been convicted on April 25,1959 for soliciting funds for the petitioner without the Mayor’s permit. The Mayor denied the application of Dewitt Ackerson on generally the same grounds and for the additional reason that his affidavit failed to disclose three violations of public intoxication in the City of Buffalo in the years 1929 and 1934.
In October, 1961 the Ackersons again applied to the City of North Tonawanda for a solicitor’s permit which would authorize them to make solicitations in behalf of the American Eescue Workers, Inc. On this occasion they stated fully all violations previously committed. Thereafter and by letter dated December 18,1961 the City Attorney of the City of North Tonawanda informed the attorney for the petitioner that he (the City Attorney) had been “ informed by Mayor Joyce that the applications submitted by Mr. and Mrs. Ackerson have been disapproved.” No other notice of disapproval was sent the Ackersons and no reason was assigned for disapproval.
On the return of this proceeding, the successor Mayor took the position in his affidavit that the Mayor of the city in the exercise of his police power may refuse to grant such a permit when investigation indicates that the individuals seeking the privilege “ are not of sufficiently good and reputable character to warrant granting such a license. ’ ’
The ordinance under which petitioner seeks to license its agents is as follows:
“ Section 4. Special Permits to Non-Profit Enterprises.
“ The mayor shall issue special permits, without payment of any license fee or charge therefor, to any person or organization for the conduct or operation of a non-profit enterprise, when he finds that the applicant operates without private profit for a public, charitable, educational, literary, fraternal or religious purpose. ’ ’
It appears undisputed that petitioner, American Eescue Workers, Inc., is a religious corporation and that it qualifies as the type of organization referred to in the city ordinance, section 4 above quoted. The ordinance in question is mandatory and a permit must be issued upon the finding of the Mayor that the applicant qualifies under the ordinance. No other standards *679 for the qualification of an applicant are set forth in the ordinance. The only question presented is whether or not a municipality in the exercise of its inherent police power may refuse a permit such as the one requested herein.
It is well established that municipal corporations may, under their police power, regulate and license solicitation of the type in question where these activities are noncommercial and involve the spreading of religious faith. Such licensing is strictly limited to that required by essential police regulation of the particular activities. (9 McQuillin, Municipal Corporations, § 26.149; Follett v. Town of McCormick, 321 U. S. 573.) Religious activities are not per se subject to restraint by licensing, but the time, place and manner thereof may be subject to regulation and licensing under the police power. Such regulation must be reasonably related to preventing a public nuisance or promoting the public welfare. (9 McQuillin, Municipal Corporations, § 26.57.)
In Cantwell v. Connecticut (310 U. S. 296) Mr. Justice Roberts, writing for the majority of the court, held unconstitutional as a prior restraint upon the free exercise of religion, a State statute which forbade the solicitation of money for a religious cause unless a certificate shall first have been procured from an official who was required to determine whether such cause was “ religious.”
The police power of the municipality must be carefully exercised and arbitary and unrestricted discretion cannot be vested in licensing bodies or officials with respect to religious activities per se or with respect to the time, place and manner in which they are conducted. (Lovell v. City of Griffin, 303 U. S. 444.) In Hague v. Committee For Ind. Organization (307 U. S. 496) Mr. Justice Roberts, in commenting on the regulation of activities of citizens in communication of their views, stated that such regulation: “is not absolute, but relative, and must be exercised in subordination to the general comfort and conve" ience, and in consonance with peace and good order; but it must not, in the guise of regulation, be abridged or denied * =:'! * uncontrolled official suppression of the privilege [of free expression] cannot be made a substitute for the duty to maintain order in connection with the exercise of the right. ’ ’
In Kunz v. New York (340 U. S. 290 [1951]) a Baptist minister was convicted for holding a religious meeting on a business street without a permit, in violation of a New York City ordinance which authorized the Police Commissioner to grant or refuse such a permit but did not specify the reasons for which it could be refused. In the Kunz case, the permit had been *680 refused on the ground that Kunz in the past had ridiculed and denounced other religious beliefs in his meetings and that his utterances stirred strife and threatened violence.
In an opinion by Chief Justice Vmson, the United States Supreme Court held that the ordinance was invalid as a prior restraint on the exercise of First Amendment rights. The Kunz case is pertinent to the issues presented in this proceeding because it emphasizes that in the exercise of the police power, municipal officers must follow criteria of enforcement which guarantees the constitutional rights of the First Amendment. As Chief Justice Vinson stated in the last sentence of the majority opinion: “ It is sufficient to say that New Tork cannot vest restraining control over the right to speak on religious subjects in an administrative official where there are no appropriate standards to guide his action ” (p. 295). (Emphasis supplied.)
A reading of section 4 of the North Tonawanda ordinance indicates a mandate to the Mayor that he issue special permits where he finds that the applicant operates without private profit for a public charitable or religious purpose. There is no authority in the ordinance or in the Constitution of the United States to permit a municipal official to deny a constitutional right on the grounds that the applicants “ are not of sufficiently good and reputable character to warrant granting such a license.” Certainly, religious expression is not exclusively reserved for the good and reputable.
Section 4 of the ordinance of the City of North Tonawanda is itself of questionable constitutional validity because it leaves to the Mayor to decide whether the organization which seeks a permit “operates without private profit” and leaves to the Mayor to decide whether the applicant is a “ public charitable, educational, literary, fraternal or religious purpose.” The ordinance supplies no criteria to guide the Mayor and apparently his decision is final and absolute. The language of this ordinance is at war with the holding in Cantwell v. Connecticut (310 U. S. 296, supra). As the court stated at page 305 of its opinion:
“ The general regulation, in the public interest, of solicitation, which does not involve any religious test and does not unreasonably obstruct or delay the collection of funds, is not open to any constitutional objection, even though the collection be for a religious purpose. Such regulation would not constitute a prohibited previous restraint on the free exercise of religion or interpose an inadmissible obstacle to its exercise.
*681 ‘‘ It will be noted, however, that the Act requires an application to the secretary of the public welfare council of the State; that he is empowered to determine whether the cause is a religious one, and that the issue of a certificate depends upon his affirmative action. If he finds that the cause is not that of religion, to solicit for it becomes a crime. He is not to issue a certificate as a matter of course. His decision to issue or refuse it involves appraisal of facts, the exercise of judgment, and the formation of an opinion. He is authorized to withhold his approval if he determines that the cause is not a religious one. Such a censorship of religion as the means of determining its right to survive is a denial of liberty protected by the First Amendment and included in the liberty which is within the protection of the Fourteenth.” (Emphasis supplied.) (See, also, Follett v. Town of McCormick, 321 U. S. 573 [1944], supra.)
In view of the fact that section 4 of the ordinances of the City of North Tonawanda contains no standard and no criteria to govern the issuance of permits for solicitation, and in view of the fact that petitioner’s application was rejected without valid legal reason, we find that the action of the prior Mayor of the City of North Tonawanda in denying the permits in question exceeded the police power which a municipality may exercise to regulate activities of religious and nonprofit enterprises.
For the reasons indicated, the petitioner should be granted the permit sought and the Mayor is directed forthwith to issue permits to Loretta E. Ackerson and Dewitt Ackerson. Enter order, with $25 costs to petitioner.